IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> *Defendant*. | Civil Action No. 17-2199 (CKK) |

**JOINT STATUS REPORT AND PROPOSED SCHEDULE**

The parties, by counsel, respectfully submit this Joint Status Report and Proposed Schedule for Further Proceedings in response to the Court's Orders, dated November 30, 2017, and December 20, 2017.

**Background**

Plaintiff American Oversight brings this action against the U.S. Department of Labor ("Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Declaratory Judgment Act, 28 U.S.C. § § 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with FOIA.  Compl., ECF No. 1 (Oct. 24, 2017).  Plaintiff filed two separate FOIA requests on July 21, 2017, seeking calendar entries, meeting agendas, lists of attendees, emails, correspondence, and other materials, for any meetings held pertaining to the Department's Overtime and Conflict of Interest Rules.  Compl. ¶¶ 8, 10.  The requests sought records from January 20, 2017, through the date of the search.  *Id.*

Plaintiff filed the instant Complaint on October 24, 2017.  The Department answered the complaint on November 29, 2017.

**Status of the Request**

The Department's search for responsive records is underway, but not yet complete. The Department's FOIA liaison has determined that potentially responsive records may be located in one or more of the following agencies, and is currently coordinating searches with these agencies: the Office of the Secretary ("OSEC"), the Office of the Assistant Secretary for Policy ("OASP"), the Wage and Hour Division ("WHD"), and the Office of the Solicitor, Fair Labor Standards Division ("FLSD"), the Employee Benefits Security Administration ("EBSA"), and the Office of Workers' Compensation Programs ("OWCP").

Although the searches are still ongoing, at present the Department has located at least 6,000 potentially responsive records, that will need to be further reviewed for responsiveness and release under FOIA. It appears, however, that many of the records may be unresponsive to the requests, because the search terms utilized appear to be capturing a number of news articles. Therefore, the review may be streamlined if the parties can agree that certain categories of information (such as newspaper articles that hit upon certain search terms) may be excluded from the review. At present, the Department's FOIA liaison has been tasked with trying to get more complete information from the above agencies about the specific custodians and files searched, search terms applied, the volume of potentially responsive records, etc., so that the parties can try to reach agreement on the scope of the search, and explore ways of streamlining the searches.

The Department does not intend to move for an *Open America* stay of the proceedings. It may or may not be necessary for the Department to prepare a *Vaughn* index, but that determination cannot be made until the records are processed more fully. The parties do not believe the case would benefit from referral to mediation.

## **Proposed Schedule**

In light of the foregoing factors, there may or may not be a need for summary judgment briefing in this case. Because the searches are not yet completed and the volume of potentially responsive records that will require further review is not yet known, the Department is unable to propose a process schedule.

The parties therefore respectfully propose that, by no later than February 7, 2018, the parties file a joint status report proposing a schedule for subsequent proceedings, including a processing schedule. In the meantime, the Department will send to Plaintiff, within the next two weeks, a summary of the search parameters for each of the agencies that have been identified as having potentially responsive records (search terms, custodians, dates, volume of records located, etc.), so that the parties' counsel may further meet and confer about the scope of the search in an effort to reach agreement on that issue. After both the initial meet and confer process and searches are completed, the Department envisions making rolling releases on a monthly basis, until the review is completed. Plaintiff notes that the overall production schedule is an item of open negotiation and intends to engage the Department more specifically once the searches are closer to completion.

A proposed order is attached.

January 10, 2018                          Respectfully submitted,

| | |
|---|---|
| */s/ Cerissa Cafasso* | JESSIE K. LIU |
| Cerissa Cafasso, D.C. Bar No. 1011003 | D.C. Bar 472845 |
| John E. Bies, D.C. Bar No. 483730 | United States Attorney |
| Austin R. Evers, D.C. Bar No. 1006999 | |
| AMERICAN OVERSIGHT | DANIEL F. VAN HORN |
| 1030 15th Street NW, B255 | D.C. Bar 924092 |
| Washington, DC 20005 | Chief, Civil Division |
| (202) 869-5246 | |
| cerissa.cafasso@americanoversight.org | By: */s/ Daniel P. Schaefer* |
| john.bies@americanoversight.org | DANIEL P. SCHAEFER |
| austin.evers@americanoversight.org | D.C. Bar 996871 |
| | Assistant United States Attorney |
| *Counsel for Plaintiff* | 555 4th Street, N.W. |
| | Washington, D.C. 20530 |
| | (202) 252-2531 |
| | Daniel.Schaefer@usdoj.gov |
| | |
| | *Counsel for Defendant* |